*678 We have again before us the question so often considered in this Court, what previously formed opinion will disqualify a person from serving on a jury in a criminal case? The cases on the question are numerous, and are perhaps in some degree conflicting. We have examined them all, and are satisfied that there is no case which would justify us in deciding that the jurors in the present case were disqualified. We do not think that Sprouce's Case, principally relied on by the prisoner’s counsel, even if it be not overruled by subsequent cases, such a case. It is indeed true, that in that case a juror was decided to be disqualified by reason of his having formed an opinion in the case. But this juror stated, on his examination, “ that he had frequently heard the subject of the trial in the county; that he could not say whether the persons from whom he heard the relations of the evidence were present at the Examining Court or not, but on such relations, which he believed to be true, he had formed a pretty substantial opinion, and expressed it more than once; that he now thinks, that notwithstanding the expression and formation of such opinion, he could, as a juror, do the prisoner justice ; that he was not at the Examining Court, nor had he heard the evidence nor conversed with any of the witnesses; that the opinion which he had taken up, and frequently expressed, was founded on rumour in the county, and that he felt no prejudice and was open to convictiou.” Upon this statement, the Court decided that the party was an incompetent juror. But in this case, the party had formed a pretty substantial opinion upon the whole case, upon the truth of the evidence, and all other matters involved in the case. Such were not the opinions of the jurors in the case before us. ' They formed no opinions on the prisoner’s case generally. Their opinions did not even touch the truth of the evidence, or the facts and circumstances of the case ; and their opinions went no farther than this: that, if *679 the facts and circumstances proved on the trial should be the same with those which the jurors had heard, then they had a decided opinion. We know not the rumours which had reached the ears of the jurors. It might be, that no fact which they had heard, would be given in evidence on the trial. If so, the previous opinions had no bearing on the case of the prisoner; or it might be, that the facts and circumstances which came to the ears of the jurors were of such a character as to compel the fairest mind, the one the least likely to take up hasty and inconsiderate opinions, to form, admitting the facts to be true, a decided opinion. For suppose the facts and circumstances which the jurors heard, were, that the prisoner, for the purpose of robbing the deceased, had waylaid and shot him. If such were the rumours, no honest mind could fail to come to an opinion unfavourable to the prisoner, upon the supposition that the reported facts were true; and upon such a case, the only question to be tried would be the truth of the facts, as to which, in the present case, the jurors had formed no opinion.
It is clear, then, that the present case is a very different one from Sprouce’s.
On the other hand, we consider the question as to the qualification of the jurors presented in this case, settled by several decisions made by this Court, particularly by the decision in Osiander’s Case, 3 Leigh 780.
In that case the juror stated that “ he had heard reports concerning the case in the country, and a statement of the circumstances from one of the witnesses, and had formed a hypothetical opinion, but he believed it would not influence his mind as a juror; that he believed the account he had heard of the case at the time he heard it, (and he did not then express any doubt of its truth,) and if the testimony at the trial should correspond with the account he had heard, his former opinion would remain ; but if it should be different, he felt satisfied he should be able to decide the cause without *680 being influenced by what he had before heard, and with- * out prejudice.” This preconceived opinion did not constitute a good cause of challenge to the juror. Now, compare the opinion of the juror in this, and the circumstances under which, and the manner in which, it had been made up, with the opinions of the jurors in the present case, and with the manner in which these opinions were formed, and there will be found a remarkable similarity. In both cases the jurors had heard reports in the country; in both, the jurors had made up opinions upon the hypothesis that the facts they had heard were true ; in both, the jurors declared that their opinions would remain unchanged, if the facts proved on the trial should be the same that they had heard; and in both, the jurors declared that they thought they could give the prisoner an impartial trial, without being influenced by the opinions they had previously formed. The similarity of the cases might be further pursued; but we deem it unnecessary further to compare them. We think enough has been shewn to prove that Osiander’s Case is a direct authority to sustain the competency of the jurors in the case before us. Moran’s Case, 9 Leigh 651, is also to the same effect. Nay, in Sprouce’s Case, 2 Va. Cas. 375, [so much relied on by the prisoner’s counsel,] the decision as to one of the jurors challenged in that case, fully sustains the opinion that there was no good cause of challenge to the jurors in the present case. We are therefore of opinion that the Court below did not err in deciding that Moody and Wells were competent jurors.
It will be observed that we have not noticed some recent decisions in this Court. We have not noticed them, because we think the authorities above referred to fully sustain the decision of the Court below. But we do not wish it understood that we disapprove them ; although some of them may perhaps require some explanation or modification. We do not mean to apply *681 this remark to Armistead's Case, 11 Leigh 657,- on the contrary, we adhere to the opinion expressed in that case, that an opinion founded on rumour ought, prima facie, to be regarded as a mere hypothetical opinion; and that an opinion so formed is no good cause of challenge, unless it shall appear from the examination of the party or other circumstances, that the opinion so formed is a decided one, and likely to influence the juror in his decision of the case.
There is another error complained of. Several days were consumed in completing the panel. In the early part of the trial twelve qualified jurors were obtained, and it does not appear that these jurymen were committed to the keeping of the sheriff in the interval between the time of their selection and the time they were sworn. And this omission to commit them to the keeping of the sheriff is complained of as error. This question is settled by Tooel's Case, 11 Leigh 714, in which this Court followed the opinion of C. J. Marshall, who, in Burr's Case, said there was no necessity for delivering the jurymen who had been or should be sworn, into the custody of the marshal, until the whole number had been impanneled and sworn.
There is yet another error alleged. In the course of the trial, the Court ordered a venire facias to issue, directing the sheriff to summon forty-eight persons, from whom the panel of twenty-four might be completed. Under this order, the sheriff summoned fifty-six persons, some of whom he had summoned before the order for the venire facias had been made by the Court. It seems that the persons summoned before the order was made, were discharged by the Court. Thomas H. Howerton, one of the persons summoned by the sheriff, was called — the prisoner objected to him, on the ground that the venire facias had been illegally executed, in this, that the sheriff had summoned fifty-six *682 instead of forty-eight persons. The Court sustained the objection, and set aside the return, not only as to Howerton, but as to the whole panel. And it is insisted that the Court erred in setting aside the whole panel. In respect to this, we do not deem it necessary to examine whether or no the irregularity in the sheriff in summoning fifty-six instead of forty-eight persons was a sufficient ground for setting aside the whole return. If it was, then the Court below did not err. If it was not, the error of the Court was committed at the instance of the prisoner, and he has no right to complain of it. The ground upon which he moved to set aside Howerton, applied to the whole panel; and if, as the Court thought, the ground was sufficient to set him aside, this Court is of opinion that the whole panel ought to have been set aside : otherwise, under the decision of the Court, made at the instance of the prisoner, in respect to Howerton, the prisoner would in effect have had a peremptory challenge to the whole return.
And after a full examination we are of opinion that no writ of error ought to be awarded.
Writ of error refused.